IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS BONNER,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )
                                        )
HARRIS & HARRIS, LTD.; and              )
ARNOLD SCOTT HARRIS, P.C.,              )
                                        )
                    Defendants.         )

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Harris & Harris, Ltd. and Arnold Scott Harris, P.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (Fair Debt Collection Practices Act).

3.      Venue in this District is proper because defendants are located here.

### PARTIES

4.      Plaintiff Thomas Bonner is an individual who resides in Northbrook, Illinois

5.      Defendant Harris & Harris, Ltd. is an Illinois corporation. Harris & Harris,

1



Ltd. operates as a collection agency and also purchases bad debts from the original creditors. It is located at 600 West Jackson Blvd., Suite 400, Chicago, IL 60661. Arnold S. Harris is the president.

6.     Defendant Harris & Harris, Ltd. is a debt collector as defined in the FDCPA.

7.     Defendant Arnold Scott Harris, P.C. is an Illinois professional corporation. Its legal practice consists of the collection of consumer debts. It is located at 600 W. Jackson Blvd., Suite 710, Chicago, IL 60661. Arnold S. Harris is the sole officer and, on information and belief, shareholder.

8.     Defendant Arnold Scott Harris, P.C. is a debt collector as defined in the FDCPA.

9.     Many of the debts which Arnold Scott Harris, P.C. attempts to collect are owned by Harris & Harris, Ltd.

10.     Defendant Harris & Harris, Ltd. has been attempting to collect from plaintiff an alleged debt based on a $1770.35 balance supposedly owed on a cellular telephone account.

11.     The telephone had been used primarily for personal, family or household purposes.

12.     The bill had been paid years ago.

13.     Defendant claimed that plaintiff owed not only the $1770.35 balance but interest for the period March 31, 1997 through September 25, 2003, totaling $1697.38. A document generated by defendant and showing the interest accrued is attached as Exhibit A. Exhibit A was filed by Defendants in the lawsuit described in ¶ ¶ 27-30, below.

14.     This interest amounts to 14.75% per annum.

15.     Defendants added interest to plaintiff's purported debt by computer.

2

Defendant Harris & Harris, Ltd. states on its Web site that it has "highly efficient, fully automated collection practice" using a computer system known as Columbia Ultimate Business Systems ("CUBS"). Copies of the Web site material are in Exhibit E.

16.     On August 20, 2003, at 10.35 a.m. a representative of defendants identifying himself as Mr. Baxter called plaintiff and demanded that plaintiff pay $3,000 on the alleged debt.

17.     This was the first communication plaintiff received from either defendant.

18.     Plaintiff informed "Mr. Baxter" that he disputed owing anything and was not going to pay anything unless documentation showing that the debt was valid was furnished.

19.     Defendants did not provide the notice required by 15 U.S.C. §1692g within five days of this communication.

20.     Defendants did not provide any documentation of the debt.

21.     Beginning in early September 2003, defendants reported the alleged debt to one or more credit bureaus, including Trans Union.

22.     Defendants did not report the debt as disputed.

23.     Plaintiff received two further messages from "Mr. Baxter" on September 23, 2003.

24.     On or about September 26, 2003, Arnold Scott Harris, P.C. sent plaintiff the collection letter attached as Exhibit B.

25.     Exhibit B contained the notices required by 15 U.S.C. §1692g, indicating that defendants considered the debt to be a consumer debt.

26.     On September 27, 2003 plaintiff received another telephone call from a representative of defendants, who identified himself as "Mr. Green." Plaintiff informed this

3

individual that the debt had been paid.

27.     On or about September 29, 2003, Harris & Harris, Ltd., represented by Arnold Scott Harris, P.C., filed suit against plaintiff to collect the alleged debt. A copy of the complaint is attached as Exhibit C .

28.     The complaint alleged that Harris & Harris, Ltd. "is in the business of purchasing accounts receivable" and acquired plaintiff's debt on June 1, 2001.

29.     On September 30, 2003, plaintiff received a call from "Mr. Green." Mr. Green acknowledged that the debt had been paid.

30.     Attached as Exhibit D is a letter from Arnold Scott Harris, P.C. dated October 1, 2003, agreeing to dismiss the case and remove the debt from plaintiff's credit report.

31.     As of October 15, 2003, the alleged debt continued to appear on plaintiff's Trans Union credit report.

32.     As a result of defendants reporting the debt to Trans Union, plaintiff was charged more for a mortgage loan than would otherwise be the case.

## COUNT 1 – INDIVIDUAL CLAIM

33.     Plaintiff incorporates paragraphs 1-32.

34.     Defendants violated the FDCPA by:

    a.     Reporting the debt to one or more credit bureaus after plaintiff informed defendants that it was disputed, without indicating that it was disputed, in violation of 15 U.S.C. §1692e(8).

    b.     Failing to provide the notice required by 15 U.S.C. §1692g within 5 days after defendants' initial contact with plaintiff.

4

35.     Plaintiff was damaged as a result.

36.     15 U.S.C. §1692e(8) defines as a deceptive collection practice "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

37.     15 U.S.C. §1692g provides:

### § 1692g.        Validation of debts [Section 809 of P.L.]

#### Notice of debt; contents

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

#### Disputed debts

5

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

### No Admission of liability

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a.    Actual damages;

b.    Attorney's fees, litigation expenses and costs of suit;

c.    Such other or further relief as the Court deems proper.

### COUNT II – CLASS CLAIM

38.    Plaintiff incorporates paragraphs 1-32.

39.    Defendants violated the FDCPA by adding more than 5% interest to a consumer debt, without any legal basis for doing so, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

40.    Section 5 of the Illinois Interest Act, 815 ILCS 205/5, provides:

**205/5. Greater rate of interest;  prohibition**

§ 5. No person or corporation shall directly or indirectly accept or receive, in money, goods, discounts or thing in action, or in any other way, any greater sum or greater value for the loan, forbearance or discount of any money, goods or

6

thing in action, than is expressly authorized by this Act or other laws of this State.

41.    The general rate of interest in Illinois is 5% in the absence of an agreement, under §2 of the Interest Act, 815 ILCS 205/2, which provides:

**205/2. Interest rate; creditors**

**§ 2. Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.**

42.    Illinois permits parties to agree to charge up to 9% under §4 of the Interest Act, 815 ILCS 205/4, which provides:

**§ 4. General interest rate.**

**(1) In all written contracts it shall be lawful for the parties to stipulate or agree that 9% per annum, or any less sum of interest, shall be taken and paid upon every $100 of money loaned or in any manner due and owing from any person to any other person or corporation in this state, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided. . . .**

43.    Defendants did not possess any type of charter (bank, S&L, credit union) or license (Illinois Sales Finance Agency Act, Consumer Installment Loan Act) entitling them to charge more than 5% or 9%. A firm which does not possess any type of charter or license of this nature is hereinafter referred to as an "unregulated entity."

44.    Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)     The false representation of--

(A)     the character, amount, or legal status of any debt; . . .

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

45.     Section 1692f provides:

**§ 1692f.     Unfair practices [Section 808 of P.L.]**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

## CLASS ALLEGATIONS

46.     Plaintiff brings this action on behalf of a class. The class consists of all natural persons with Illinois addresses who were charged by defendants, or either of them, interest in excess of 5% for periods when a debt was owned by an unregulated entity, on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

47.     The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

8

48.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the collection of interest by an unregulated entity at a rate in excess of 5% per annum simple interest violates (a) Illinois law and (b) the FDCPA.

49.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

50.     A class action is an appropriate means of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

a.     Statutory damages ($1,000 to plaintiff and the lesser of $500,000 or 1% of net worth for the class) against each defendant;

b.     Actual damages to all persons who paid the excess interest and cancellation of the excess interest for all persons who did not;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems proper.

Daniel A. Edelman

9

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
John D. Blythin
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

      Plaintiff demands trial by jury.

 

Daniel A. Edelman

t:\case\harris11.248\pleading\cmplt

# EXHIBIT A

**Harris & Harris, Ltd., as assignee for Southwestern Bell Mobile
Systems, Inc., d/b/a Cingular Wireless f/k/a Cellular One
600 West Jackson Blvd., Ste. 700
Chicago, Illinois 60661**

## AFFIDAVIT

**GUARANTOR(S) NAME:   TOM BONNER**

**ACCOUNT NUMBER(S): 1167736**

Affiant, being first duly sworn on oath, deposes and states as follows:

1.    Affiant is authorized to make this affidavit on behalf of Plaintiff in that affiant is in charge of the collection records of above account(s) and such records are kept under his care, custody and control.

2.    Affiant certifies that the above account(s) is within his knowledge, and that all of the allegations of the Complaint are true and lawful, and all offsets, payments, and credits have been made.

3.    The balance due Plaintiff on the above account as of **SEPTEMBER 25, 2003** is **$1770.35**, plus **$1697.38** in interest which began accruing 03-31-97    plus attorney fees.

**FURTHER AFFIANT SAYETH NOT:**

**BY:** _____
      Authorized Representative

**TITLE:**    Vice President

Subscribed and sworn to before
me this 25TH  day of SEPTEMBER, 2003.

_____
Notary Public

OFFICIAL SEAL
TRACEY L. SZUMANSKI
NOTARY PUBLIC. STATE OF ILLINOIS
MY COMMISSION

# EXHIBIT B

P.O. Box 5598
Chicago, IL 60680-5598

# ARNOLD SCOTT HARRIS P.C.
### Attorneys At Law
**600 W. JACKSON BLVD., SUITE 710**
**CHICAGO, IL  60661**
**(312) 759-5400  (800) 296-2271**

September 26, 2003

।। Ill।।ll।।।।।।Il।।।।।।।।ll।।।।।।।ll।।।।।।।।।।।।।।।।
1167736                                    0001139/0003
Tom Bonner
1925 Kiest Ave
Northbrook, IL 60062-3640

> Creditor: CINGULAR / CELLULAR
> ONE
>
> Amount Due: $3839.48

## NOTICE OF ATTORNEY REFERRAL

Your account with the above stated creditor has been placed with this law firm for collection.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector.  To ensure prompt credit of your payment, it should be sent directly to this law firm.

Since your account has been placed with this law firm, the creditor would appreciate your attention to this matter.

By: Laura A. Carey - Attorney At Law

Please be advised that the amount due stated above may include the addition of collection fees and/or interest, if such is allowed by your original creditor agreement with the creditor.  If you pay by check, and such check is returned for any reason by your bank as unpaid, you may be charged a dishonored check fee in the amount allowed by your specific state law.

## FEDERAL LAW

This is an attempt to collect a debt.  Any information obtained will be used for that purpose   This communication is from a debt collector.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing that the debt, or any portion thereof, is disputed within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

*** Detach and Return with Payment ***

Account Number:
Creditor: CINGULAR / CELLULAR ONE
Amount Due:  $3839.48

Received
10/1/03

ARNOLD SCOTT HARRIS
600 W. JACKSON BLVD., SUITE 710
CHICAGO, IL  60661

Tom Bonner
1925 Kiest Ave
Northbrook, IL 60062-3640

# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

03M1162523

HARRIS & HARRIS, LTD., as assignee of )
Southwestern Bell Mobile Systems, Inc., d/b/a )  NO._____
Cingular Wireless f/k/a Cellular One )
                                                                        )
                              Plaintiff,                    )   Amount Claimed $3817.73 plus costs
                                                                        )
            vs.                                                )   Return Date: NOVEMBER 10, 2003
                                                                        )
TOM BONNER                                           )
                              Defendant(s).             )

COMPLAINT

Plaintiff, HARRIS & HARRIS, LTD., as assignee of Southwestern Bell Mobile Systems, Inc., d/b/a Cingular Wireless f/k/a Cellular One, an Illinois corporation, by its attorney, Arnold Scott Harris, P.C., states as follows:

1.  Plaintiff, HARRIS & HARRIS, LTD., as assignee of Southwestern Bell Mobile Systems, Inc., d/b/a Cingular Wireless f/k/a Cellular One, is an Illinois corporation with its place of business in Chicago, Illinois. That the Plaintiff is a corporation authorized to transact business in the State of Illinois. Plaintiff is in the business of purchasing accounts receivable.

2.  That Plaintiff, HARRIS & HARRIS, LTD., as assignee of Southwestern Bell Mobile Systems, Inc., d/b/a Cingular Wireless f/k/a Cellular One, is the bona fide owner of the cause of action against Defendant(s), **TOM BONNER**, and acquired title June 1, 2001, pursuant to the Bill of Sale and Assignment attached hereto as Exhibit "A".

3.  That at Defendant's request, Plaintiff's transferor opened a cellular telephone services agreement for the Defendant(s), a copy of said agreement attached hereto as Exhibit "B".

4.  That thereafter, Plaintiff's transferor supplied Defendant with its services, which services were accepted and used by the Defendant, as specified in Exhibit "B" attached hereto and made part of this Complaint. By virtue of same, there is now past due and owing to Plaintiff from Defendant the sum of **$1770.35**, a copy of such affidavit attached hereto as Exhibit "C" and that demand for payment of said sum has been duly made, and that said payment has been refused.

5.  That there is due to Plaintiff the additional sum of **$1697.38** for interest, as provided for in Exhibit "B", Paragraph 9.

6.  That there is due to Plaintiff the additional sum of **$350.00** as and for attorney's fees, as provided for in Exhibit "B", Paragraph 9.

WHEREFORE, Plaintiff prays for Judgment against the Defendant(s), in the amount of **$3817.73** plus court costs.

ARNOLD SCOTT HARRIS, P.C.

Attorney Code: 36463
ARNOLD SCOTT HARRIS, P.C.
600 W. Jackson Blvd., #710
Chicago, IL 60661

_____
Attorney for Plaintiff

# EXHIBIT D

# ARNOLD SCOTT HARRIS, P.C.

### ATTORNEYS AT LAW

600 West Jackson Boulevard, Suite 710
Chicago, Illinois 60661
Tel: 312.759.5400
Fax: 312.759.5411

October 1, 2003

Tom Bonner
1925 Kiest Avenue
Northbrook, IL  60062

**Re:    *Harris & Harris, Ltd., et al. vs. Tom Bonner***

Dear Tom Bonner:

Please be advised that the above referenced account is paid.  This case will be
dismissed when it is up in court on November 24, 2003.  Enclosed please find a copy of
the Universal Data Form that we sent to have this removed from your credit.

Please contact me if you should have any questions.

Very truly yours,

Laura A. Carey
Attorney at Law

LAC/mz

Enclosure

# EXHIBIT E

## HARRIS & HARRIS

E-mail

Home   About Our Company   Services   Benefits   Clients   Resources   Contact Us





Harris & Harris is proud of its highly efficient, fully automated collection practice. We have a team of skilled collection professionals, research investigators and attorneys.

We are an acknowledged leader in the field of accounts receivable management. Guided by strong business principles, we are dedicated to building and maintaining long-lasting relationships with our clients.

Our staff members are extensively trained in telephone collection techniques. Our aggressive payment pursuit is tempered by a firm belief that our reputation, and that of our client, is more important than any one individual account.



Our attorneys use proprietary automated litigation management systems for tracking and support, can handle a full range of pre-legal, and post judgment matters.

Concentrating their practice on accounts receivables collection and creditors' rights litigation, they are commonly involved with consumer and commercial claims, detinue and/or replevin matters, deficiency litigation, forcible evictions, foreclosures, and bankruptcies.

About Us   Services   Benefits   Clients   Resources   Contact   Home

### Harris & Harris
600 West Jackson . Suite 400 . Chicago , Illinois , 60661
Telephone: (800)362-0097. (312)251-2300 . Fax: (312)251-2333

TOP OF SCREEN

 E-mail: info@quickcollect.com



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# <u>Civil Cover Sheet</u>

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s): THOMAS BONNER** | **Defendant(s):HARRIS & HARRIS, LTD.; and ARNOLD SCOTT HARRIS, P.C.,** |
| County of Residence: Cook | County of Residence: |
| Plaintiff's Atty: Edelman, Combs & Latturner, LLC<br>120 South LaSalle Street, 18th Floor<br>Chicago, IL 60603<br>312-739-4200 | Defendant's Atty: |

# 04C 2289

**II. Basis of Jurisdiction:**   **3. Federal Question (U.S. not a party)**   JUDGE NORGLE

**III. Citizenship of Principal Parties (Diversity Cases Only)**
              Plaintiff:- **N/A**
              Defendant:- **N/A**

MAGISTRATE JUDGE LEVIN

**IV. Origin :**              **1. Original Proceeding**

**V. Nature of Suit:**        **890 Other Statutory Actions**

**VI.Cause of Action:**       **Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq**

**VII. Requested in Complaint**
              Class Action: **Yes**
              Dollar Demand:
              Jury Demand: **Yes**

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: __3/29/04__

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

In the Matter of: THOMAS BONNER v. HARRIS & HARRIS, LTD.; and ARNOLD SCOTT HARRIS, P.C.

Case Number: 

**JUDGE NORGLE**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: **PLAINTIFF**

**MAGISTRATE JUDGE LEVIN**

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | SIGNATURE | | | |
| NAME | Daniel A. Edelman | | | NAME | Cathleen M. Combs | | |
| FIRM | Edelman, Combs & Latturner, LLC | | | FIRM | Edelman, Combs & Latturner, LLC | | |
| STREET ADDRESS | 120 S. LaSalle Street, 18th | | | STREET ADDRESS | 120 S. LaSalle Street, 18th Floor | | |
| CITY/STATE/ZIP | Chicago, Illinois 60603 | | | CITY/STATE/ZIP | Chicago, Illinois 60603 | | |
| TELEPHONE NUMBER | (312) 739-4200 | | | TELEPHONE NUMBER | (312) 739-4200 | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 00712094 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 00472840 | | |
| MEMBER OF TRIAL BAR? | YES X | NO ☐ | | MEMBER OF TRIAL BAR? | YES X | NO ☐ | |
| TRIAL ATTORNEY? | YES X | NO ☐ | | TRIAL ATTORNEY? | YES X | NO ☐ | |
| | | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO X | |
| (C) | | | | (D) | | | |
| SIGNATURE | | | | SIGNATURE | John D. Blythin | | |
| NAME | James O. Latturner | | | NAME | John D. Blythin | | |
| FIRM | Edelman, Combs & Latturner, LLC | | | FIRM | Edelman, Combs & Latturner, LLC | | |
| STREET ADDRESS | 120 S. LaSalle Street, 18th | | | STREET ADDRESS | 120 S. LaSalle Street, 18th | | |
| CITY/STATE/ZIP | Chicago, Illinois 60603 | | | CITY/STATE/ZIP | Chicago, Illinois 60603 | | |
| TELEPHONE NUMBER | (312) 739-4200 | | | TELEPHONE NUMBER | (312) 739-4200 | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 01588095 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 90785701 | | |
| MEMBER OF TRIAL BAR? | YES X | NO ☐ | | MEMBER OF TRIAL BAR? | YES ☐ | NO X | |
| TRIAL ATTORNEY? | YES X | NO ☐ | | TRIAL ATTORNEY? | YES ☐ | NO X | |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO X | | DESIGNATED AS LOCAL | YES ☐ | NO X | |